United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Christopher A. Harper, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| versus § | | Civil Action H-22-2169 |
| § | | |
| Ed Gonzalez, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## Opinion on Dismissal

1. *Introduction*

    Christopher Harper spent roughly one year in Harris County jail while charges against him were pending for sexual assault and promotion of prostitution.[1] He claims that one night while he was in custody, an inmate physically assaulted him while he was asleep, hitting him across the top of his head with a floor broom and leaving a permanent 4–5 inch scalp laceration.[2] Since bonding out, he has brought suit against the United States, an unnamed Harris County inmate, the State of Texas, and Harris County entities. He alleges violations of his Eighth and Fourteenth Amendment rights, as well as negligence, assault, emotional distress, pain and suffering, gross negligence, and malice.

    Harper's state court petition, removed to this Court on the basis of federal question jurisdiction, is extremely unclear and unorganized and leaves much doubt as to which defendant he intends to sue for which claims. The Court,

---

[1] [Doc. 1] at 8.

[2] *Id.* at 7.

1

generously construing this action, will interpret (1) his physical assault claim to be only against the inmate, (2) all other claims to be against all defendants.

Defendants Edison Toquica, Ed Gonzalez, and Laxman Sunder have each moved to dismiss the claims against them; these motions, now before the Court, will be granted. The Court will also *sua sponte* dismiss the claims against the United States, the State of Texas, and Harris County, without prejudice and with leave to amend.[3]

2.  *Legal Standard for 12(b)(6) Motions*

Rule 12(b)(6) allows a party to defend against a claim by moving to dismiss it for failure to state a claim upon which relief can be granted.[4] Plaintiffs must offer specific, well-pleaded facts, as opposed to merely conclusory allegations.[5] Mere labels, conclusions, and formulaic recitations of the elements of a cause of action will not suffice.[6] Courts in turn must accept well-pleaded facts as true, and view them in the light most favorable to the plaintiff.[7] In sum, a complaint fails to state a claim upon which relief may be granted when the underlying legal claim is insufficiently supported by well-pleaded facts, or when the well-pleaded facts, even when accepted as true, do not state a legally

---

[3] As a general rule, even absent a formal motion by a party, "the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004)). A *sua sponte* dismissal is fair when the court allows the plaintiff an opportunity to amend his complaint. *See, e.g., Cofresi v. Medtronic, Inc.*, 450 F. Supp. 3d 759, 770 n.5 (W.D. Tex. 2020).

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570).

2

cognizable claim.

3. *The United States*

Pro se litigants are not absolved from compliance with Rule 4's requirements for service.[8] Claims against an unserved defendant must be dismissed, as courts have no personal jurisdiction over unserved defendants.[9]

Besides formally naming the United States as a defendant, the substance of Harper's petition makes no allegations against the United States at all, and nothing on file suggests that Harper ever served the United States. Given that this Court does not have jurisdiction over the unserved United States, the claims against it will be dismissed without prejudice.

To be sure, even if the United States had been properly served, nothing indicates that there is a cognizable claim against it. While Harper makes broad claims of constitutional violations, claiming that an individual or state entity violated the Constitution does not alone implicate the United States as a defendant. While the plaintiff may opt to try to extend the time for service and amend his complaint, this attempt, based on the facts of this case, would almost certainly be futile with respect to suing the United States.

4. *The State of Texas*

Harper brings suit against the State of Texas, "acting by and through the name Harris County Jail, Harris County Jail Facility or Harris County Sheriff's Office."[10] Construing his claim to be a §1983 claim against the State itself, the action would be precluded by the Eleventh Amendment, which bars suits in federal court against a state or one of its agencies, except when brought by the

---

[8] *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

[9] *See, e.g., Williams v. Lambright*, No. 4:19-CV-00342-ALM-CAN, 2020 WL 949205, at *1 (E.D. Tex. Jan. 22, 2020) (collecting cases).

[10] [Doc. 1].

3

federal government or another state.[11]

Since the State of Texas has not waived its sovereign immunity for purposes of § 1983 actions, claims against the State must be dismissed.[12]

5. *Harris County*

Despite that Harper's suit against Harris County may be legally misguided insofar as he erroneously equated the county with the State, Harper clearly intended to sue Harris County.

For municipal liability to apply under *Monell*,[13] a plaintiff must show that an official policy or custom, promulgated by the municipal policymaker, was the moving force behind the violation of a constitutional right.[14] Harper's petition is wholly devoid of any facts indicating that the County was in any way responsible for the alleged assault, which the pleadings indicate is no more than an isolated attack by a malicious inmate. With respect to mental health care, the petition is unintelligible as to how any services were inadequate, let alone that the inadequacies amounted to violations of a federally guaranteed right or that the violations were pursuant to an official policy or custom. Finally, to the extent that Harper pleads non-federal violations by the county, such claims would be precluded by governmental immunity.[15]

Since Harper's pleadings are woefully deficient and fail to adequately state

---

[11] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

[12] *See, e.g., Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so.").

[13] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[14] *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir.2009) (citations omitted).

[15] Governmental immunity protects political subdivisions of the State, including counties, from suit and liability. While the State has waived sovereign immunity in certain contexts, those limited waivers are inapplicable to the facts of this case. *See* Tex. Civ. Prac. & Rem. Code § 101.021 (listing the exceptions).

a claim against Harris County, including its jail, facilities, or sheriff's office, the claims against the municipality will be dismissed.

6.   *Edison Toquica, Ed Gonzalez, and Laxman Sunder*

While Toquica, Gonzalez, and Sunder have moved to dismiss the claims against them, it does not appear that there are any claims against any of them at all, either in their official or individual capacities. The petition explicitly omits them from "Defendant(s)" and their only mention by name is when Harper asserts that the State of Texas may be served with process by serving Toquica, Gonzalez, or Harris.[16]

Even assuming that Harper did intend to sue Toquica, Gonzalez, and Sunder, his claims would fail for failure to state a claim, whether under § 1983 or otherwise. As an initial matter, he does not plead any facts whatsoever that indicates any individual culpability for Toquica, Gonzalez, and Sunder.

As for a § 1983 claim, he has not pleaded any facts suggesting that any county official deprived him of federally guaranteed rights, much less facts that might overcome the doctrine of qualified immunity, which protects conduct which does not violate clearly established statutory or constitutional rights.[17]

To the extent that he brings state tort claims against Toquica, Gonzalez, and Sunder in their individual capacity, when such claims are based on conduct within the general scope of the employee's employment and could have been brought against the governmental unit, they are considered against the employee in their official capacity only, and the employees are entitled to dismissal of those claims.[18]

---

[16] [Doc. 1] at 6.

[17] *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180–81 (5th Cir. 2016) (citations omitted).

[18] Tex. Civ. Prac. & Rem. Code § 101.106(f); *Wilkerson v. Univ. of N. Texas By & Through Bd. of Regents*, 878 F.3d 147, 159 (5th Cir. 2017).

7.  *Unnamed Harris County Jail Inmate*

Like the United States, the unnamed inmate allegedly responsible for the physical assault has yet to be served. Accordingly, the Court does not have jurisdiction over this defendant. In the Court's August 10, 2022 order, the defendants were directed to diligently search for the names of those involved in the incident, and Harper was directed to serve the unnamed inmate by September 30, 2022.[19]

While the September 30, 2022 deadline has passed, the Court does not know what processes have taken place with respect to the unnamed inmate since the August 10, 2022 order, except an indication on its docket that on September 29, 2022, summons appear to have been issued as to Radolfo Perez, who apparently is the unnamed inmate.

The Court will give Harper 90 days from September 29, 2022 to serve Radolfo Perez, so Harper must serve Perez by December 28, 2022. Harper may also amend his petition to name Perez.

8.  *Conclusion*

The defendants' motions to dismiss will be granted, without prejudice and with leave to amend. Additionally, Christopher Harper's claims against the United States, the State of Texas, and Harris County will be dismissed, without prejudice and with leave to amend.

By January 20, 2023, Harper may file an amended complaint or notify the Court that he intends to stand on his current pleading.

Signed on December __15__, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[19] [Doc. 11].